IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARL CASE,

        Petitioner,

vs.                                        No. 08-CV-0542 MV/WDS

TIM HATCH, Warden, Guadalupe
County Correctional Facility,

        Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner Carl Case's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 44]. The Court has thoroughly considered Petitioner's Objections, the relevant law, and the lengthy factual and procedural history of his case. However, the Court is unable to determine whether or not Mr. Case has met the strict standard imposed upon him under 28 U.S.C. § 2244(b)(2)(B). The Court therefore declines to adopt the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 41] at this time, and finds that this case warrants further exploration by means of a limited evidentiary hearing for the reasons stated herein.

### APPLICABLE LAW

This Court must make a de novo determination of the portions of a Magistrate Judge's proposed findings and recommended disposition to which either party timely objects. 28 U.S.C. § 636(b)(1). After its de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

1

**I.      Retroactivity of AEDPA**

Mr. Case filed his first habeas corpus petition prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Case v. Mondragon*, 887 F.2d 1388 (10th Cir. 1989). He argues that because he filed his first petition prior to the enactment of AEDPA, his second petition should be governed by the pre-AEDPA standards of "abuse-of-the-writ" and "cause and prejudice." *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991).[1]

Mr. Case's argument that application of AEDPA would be impermissibly retroactive is not supported by the relevant case law. In *Landsgraf v. USI Film Products*, 511 U.S. 244, 269 (1994), the Supreme Court held that a statute is impermissibly retroactive when it "attaches new legal consequences to events completed before its enactment." A statute is not impermissibly retroactive "merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based on prior law." *Id*. at 269 (citation omitted).

As a general rule, the provisions of AEDPA govern any habeas corpus petition filed after AEDPA's effective date. *Williams v. Taylor*, 529 U.S. 420, 429 (2000). As one circuit has explained, in cases where a petitioner filed his first petition prior to April 24, 1996 and his second or successive petition after this date, AEDPA's retroactive application to the second petition is impermissible only if the petitioner can demonstrate detrimental reliance on the pre-AEDPA legal standards. *Pratt v. United States*, 129 F.3d 54, 59 (1st Cir. 1997). Mr. Case is unable to demonstrate detrimental reliance, nor can he show that the application of AEDPA to his petition would attach

---

[1] As articulated in *McCleskey*, prior to the enactment of AEDPA the government bore the burden of proving that a second or successive habeas petition constituted an abuse of the writ of habeas corpus. 499 U.S. at 494. Once the government satisfied this burden, the burden shifted to the petitioner to show "cause for failing to raise [the claim in his previous petition] and prejudice therefrom." *Id*.

new legal consequences to his actions, particularly because it was not until 2003 or 2004 that his state habeas counsel discovered what became the basis for his second petition: a previously undisclosed tape of an interview with a prosecution witness. Therefore, application of AEDPA's provisions governing second and successive habeas petitions to Mr. Case's claim is proper.

**II.     § 2244(b)(2)**

Before a district court may reach the merits of a second or successive habeas corpus petition, a state prisoner must demonstrate that he meets the requirements set forth in the provisions of AEDPA governing second or successive petitions. *See* 28 U.S.C. § 2244(b). Pursuant to this section, the petitioner must receive authorization from the Court of Appeals before he may file a second or successive petition in district court. 28 U.S.C. § 2244(b)(3). The Court of Appeals may authorize the filing of such a petition if it finds that the petitioner makes a prima facie showing that he satisfies the strict standard set forth in Section 2244(b)(2). A "prima facie showing" is simply "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Ochoa v. Sirmons*, 485 F.3d 538, 545 (10th Cir. 2007) (quotation omitted).

After the appropriate court of appeals grants the petitioner's motion to file a second or successive habeas petition, he may file said petition in the district court. In cases resting on what has been termed the "innocence" component of AEDPA (as opposed to a claim resting on a new rule of constitutional law), *see Ochoa*, 485 F.3d at 541-42 & 542 n.4, the district court may only reach the merits of the petition if it first finds:

(i)     the factual predicate for the [petitioner's] claim could not have been discovered previously through the exercise of due diligence; and
(ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B)(i)–(ii).  Once these two requirements are satisfied, the Court looks to AEDPA's substantive provisions to adjudicate the merits of his claim.

## BACKGROUND

The Magistrate Judge's Proposed Findings and Recommended Disposition sets forth the procedural and factual history of this case.  Mr. Case has objected to various portions of the factual history as set forth by the Magistrate Judge, as well as one aspect of the Magistrate Judge's framing of the procedural history.  The Court need not now decide whether or to adopt these sections of the Magistrate Judge's findings, nor is it necessary to recite the factual or procedural history of this case for purposes of the present order.  It is sufficient to state that Mr. Case, who was convicted in 1982 of the rape and murder of Nancy Mitchell, brings his second petition on a claim of newly discovered evidence.  The evidence consists of a tape recording of an interview of Bobby Autry, a prosecution witness who testified against Mr. Case at trial, that the prosecution never disclosed to Mr. Case's defense counsel.  Mr. Case argues that this tape constitutes the suppression of materially favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

## DISCUSSION

As noted above, AEDPA places stringent limitations on a state prisoner's ability to file a second or successive habeas corpus petition.  Before addressing the merits of Mr. Case's claim, the Court must first find:

>    (i)    the factual predicate for the [petitioner's] claim could not have been discovered previously through the exercise of due diligence; and
>    (ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B)(i)–(ii).

The State does not appear to dispute that Mr. Case could not have discovered the new evidence – the tape of Bobby Autry's interview on February 3, 1982 – through the exercise of due diligence. The Court agrees with the Magistrate Judge's conclusion that, given the transcription procedure utilized by the prosecutor's office during Mr. Case's trial, it was reasonable for his defense counsel to assume that the interview transcripts contained in the prosecutor's file represented all of Bobby Autry's recorded interviews. The question for the Court is therefore whether or not, assuming the failure to disclose the tape constitutes a *Brady* violation and viewing this violation in light of the evidence as a whole, Mr. Case can establish by clear and convincing evidence that no reasonable factfinder would have convicted him of the rape and murder of Nancy Mitchell.

By its very nature, this inquiry of "the evidence as a whole" requires a thorough assessment of the entire record, with appropriate deference under AEDPA[2] to the factual findings and legal analysis of the state court. Although § 2244(b)(2) by no means requires the Court to hold an evidentiary hearing on the claims in a second or successive habeas petition, such a hearing may be necessary in order to determine whether or not the petitioner has satisfied AEDPA's threshold requirement for second or successive habeas petitions. *See In re Morris*, 328 F.3d 739, 741 (5th Cir. 2003) (Higginbotham, J., concurring) ("I join in the grant of permission to file a successive writ because there is here enough merit to warrant further exploration by the district court . . . . It is

---

[2] AEDPA's deferential standard provides that habeas relief is proper only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d); *see also Wilson v. Sirmons*, 536 F.3d 1064, 1073 (10th Cir. 2008) (to find state court's application of clearly established federal law unreasonable, district court must find state court's decision was "more than incorrect or erroneous . . . it must have been objectively unreasonable").

difficult to make informed judgments without the development of the facts in some form of hearing."); *Goldblum v. Klem*, 510 F.3d 204, 220 (3d Cir. 2007) ("[A] district court does not face a requirement that it always conduct an evidentiary hearing in undertaking this more thorough review [under § 2244(b)(2)]. Rather, the decision of whether or not to hold an evidentiary hearing is within the district court's discretion."); *cf. In re Davis*, 565 F.3d 810, 827 (11th Cir. 2009) (Barkett, J., dissenting) ("Simply put, the issue is whether Troy Anthony Davis may be lawfully executed when *no* court has ever conducted a hearing to assess the reliability of the score of affidavits that, if reliable, would satisfy the 'threshold showing' for [actual innocence], thus entitling Davis to habeas relief.").

The recantations by Paul Dunlap and Audrey Knight form a crucial part of "the evidence as a whole." *See House v. Bell*, 547 U.S. 518, 538 (2006) ("Because a . . . claim [of actual innocence based on newly discovered evidence] involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record."). If these recantations are in fact credible, they gravely undermine the jury's guilty verdicts. However, although the state court held an extensive and thorough evidentiary hearing wherein both recanting witnesses testified, the court made no credibility findings as to either witness or their respective recantations. *See Case v. Hatch*, 183 P.3d 905, 921 (N.M. 2008) (Bosson, J., concurring in part and dissenting in part) ("I would remand the case to the trial court for a determination of the credibility of the recantations . . . . [I]f the trial court is persuaded that the recantations are credible, then relief should follow."). Without being able to assess the credibility of the recantations, the Court cannot determine whether or not "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Mr. Case] guilty of the underlying offense." *See* 28 U.S.C. § 2244(b)(2)(B)(ii). When viewing the evidence as a whole – including the inconsistencies between the witnesses' various law enforcement interviews and their trial testimony – the state's case against Mr. Case is so undermined that, if the recantations are to be believed, Mr. Case will have satisfied the threshold requirement set forth in 28 U.S.C. § 2244(b)(2)(B)(ii).

## CONCLUSION

For the reasons stated herein, the Court **FINDS** that an evidentiary hearing is necessary to assess the credibility of the recantations of Audrey Knight and Paul Dunlap. The hearing shall be strictly limited to the credibility of these recantations.

It is hereby **ORDERED** that within twenty-one (21) days of the entry of this order, the parties shall: (1) file witness and exhibit lists as applicable; (2) advise the Court as to the time each party needs to present its evidence pertaining to the issue of the credibility of the recantations of Audrey Knight and Paul Dunlap; and (3) advise the Court as to any special issues pertaining to the hearing, including witness availability.

Dated this 24th day of September, 2010.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**