IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARL CASE,

   Petitioner,

  vs.          No. 08-CV-0542 MV/WDS

TIM HATCH, Warden, Guadalupe
County Correctional Facility,

   Respondent.

## MEMORANDUM OPINION AND ORDER

  **THIS MATTER** comes before the Court on Respondent Tim Hatch's Response to Memorandum Opinion and Order [Doc. 47]; Respondent's Amended Response to Memorandum Opinion and Order and Order [Doc. 51]; and Petitioner Carl Case's Objections to Respondent's Witness List [Doc. 52]. For the reasons stated herein, the Court **FINDS** that Respondent's objection[1] to the evidentiary hearing should be **OVERRULED**, and Petitioner's objection to the proffered testimony of Judge Gary Clingman should be **SUSTAINED**.

## DISCUSSION

I.  **Respondent's Objection to the Evidentiary Hearing**

  Respondent argues that an evidentiary hearing is improper under AEDPA's general principles of deference to state court decisions. He asserts that Judge Gary Clingman, the state court

---

[1]Respondent did not file formal objections as ordered by the Court on October 20, 2010 [Doc. 49]. However, in his Response to Memorandum Opinion and Order [Doc. 47], he outlined the bases for his objection to the evidentiary hearing, and counsel for Respondent further articulated this argument at the status conference on November 9, 2010. The Court's ruling is based on the argument and authority presented by Respondent in his Response [Doc. 47] as well as that presented at the status conference.

judge who presided over Petitioner's state habeas corpus proceeding,  is best suited to make credibility findings as to the recanting witnesses, Audrey Knight and Paul Dunlap.  Respondent further argues that Judge Clingman in fact made implicit credibility findings with respect to these witnesses in his one-page order dated April 10, 2006.  *See* Doc. 16, Ex. J.  Respondent argues that remand to state court is an appropriate and available remedy, and requests in the alternative that the Court permit Judge Clingman to testify in person or by affidavit as to his opinion of the credibility of Audrey Knight and Paul Dunlap.  Petitioner objects to the proposed remand, and further objects to Judge Clingman participating in this federal proceeding in any manner.

> **A.      Absence of State Court Credibility Findings**

Consistent in the language of AEDPA and the case law interpreting it is the principle that federal courts must defer to the factual and legal determinations of state courts.  *See Williams v. Taylor*, 529 U.S. 362, 386 (2000) ("AEDPA plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." (quoting H.R. REP. NO. 104-518, at 111 (1996) (Conf. Rep.))).  This deference applies with great force to state court factual determinations, which include credibility findings.  *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.").  However, "where a state court does not resolve a question of fact, no presumption of correctness can possibly attach with respect to that issue." *Channer v. Brooks*, 320 F.3d 188, 195 (2d Cir. 2003) (per curiam) (citing *Ford v. Wainwright*, 477 U.S. 399, 410 (1986)).

Here, Judge Clingman held a lengthy evidentiary hearing on Petitioner's state habeas petition

in November of 2005 and February of 2006.  Both Audrey Knight and Paul Dunlap testified as to their respective recantations and subjected themselves to cross-examination.  However, Judge Clingman neglected to make any credibility findings whatsoever with respect to the recantations of these witnesses.  Because the state court made no credibility findings, Respondent's proffered authority, *Rice v. Collins*, 546 U.S. 333 (2006), is inapposite.

> The state trial court's one-page order states, in relevant part:
>
> The recantations of Paul Dunlap and Audrey Knight do not constitute newly discovered evidence in that, assuming <u>arguendo</u>, that their original testimony was false, the Defendant knew it was false when given.  The Defendant's counsel could not find evidence to prove Defendant [sic] claimed alibi and did not rebut the "false" testimony.  Defendant in fact conformed his testimony to match the "false" testimony, took the stand and corroborated much of the "false" testimony with his own testimony.

Doc. 16, Ex. J at ¶ 3.  Judge Clingman's use of the term "assuming <u>arguendo</u>" demonstrates that he assumed the recantations *were* credible, but declined to decide the issue.  *See* Black's Law Dictionary 51 (3d. Pocket ed. 2006) ("assumption: A fact or statement taken for granted; a supposition") and *id*. at 43 ("arguendo: [Latin: 'in arguing'] for the sake of argument").  Indeed, the New Mexico Supreme Court recognized that Judge Clingman did not make credibility findings with respect to either recantation, observing: "In this case, the trial judge assumed that the recantations were credible when he assumed for the sake of argument that the original testimony was false." *Case v. Hatch*, 183 P.3d 905, 915 (N.M. 2008).  It is *this* determination – the State Supreme Court's determination that the trial court did not make credibility findings – to which this Court owes AEDPA deference.  *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991) (focusing habeas review on "last reasoned state-court opinion"); *Church v. Sullivan*, 942 F.2d 1501, 1507 (10th Cir. 1991) (holding, pre-AEDPA, that federal courts "must focus on the last state court decision explaining its resolution"

of federal habeas petitioner's claims); *Slusher v. Furlong*, 268 F. App'x 789, 791 (10th Cir. 2008) (unpublished) (holding, in post-AEDPA habeas context, that federal court's review "is of the last reasoned state court decision in this case.").

Finally, the Court notes that at the status conference on November 9th, counsel for Respondent argued that this Court must defer not only to Judge Clingman's "implicit credibility findings," but also to the credibility findings inherent in the jury's guilty verdict in Petitioner's 1982 trial.  While this Court understands the general principles favoring the finality of jury verdicts and deference to such verdicts, the issue the Court must determine with respect to this proceeding is the credibility of the *recantations* of Audrey Knight and Paul Dunlap.  These witnesses recanted their 1982 testimony over twenty years after the jury reached its verdict.  To simply defer to the jury's verdict without regard to the evidence that has since come to light would violate the clear mandate of AEDPA, which requires this Court to view the undisclosed taped interview with Bobby Autry in light of "the evidence as a whole," including the recantations.  28 U.S.C. § 2244(b)(2)(B)(ii); *see also House v. Bell*, 547 U.S. 518, 538 (2006) ("Because a . . . claim [of actual innocence based on newly discovered evidence] involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record.").

**B.      Respondent's Proposed Remand to State Court**

Respondent argues that "a remand to state district court and the stay of federal habeas corpus proceedings is an available remedy."  Doc. 47 at 7.  In support of this proposition, he cites two cases out of the District of New Mexico.  However, the circumstances in those cases are distinguishable from the instant case.  Neither case stands for the proposition that remand to the state court is a

remedy that is generally appropriate or available to a federal habeas court.

In *Rosa v. Williams*, No. 07-CV-0713 JH/CG, the state district court had summarily denied habeas relief, and this denial included implicit credibility findings that were unfavorable to the petitioner's claim of ineffective assistance of counsel. *Rosa*, Doc. 131 at 12 ("Implicit in Judge Pope's summary denial . . . is that he fully accepted trial counsels' testimony and did not accept Petitioner's testimony in arriving at his decision."). Both parties in *Rosa* agreed that the state judge had made implicit credibility findings, and they further agreed that remand was proper to allow the state judge to issue specific findings, ultimately to aid the federal court in its disposition of the case. *Rosa*, Doc. 93 at 1 ("Respondents' Amended Motion to Hold Federal Habeas Corpus Proceedings in Abeyance arises out of a suggested course of action over the course of two August 10, 2009 status conferences. During the status conferences, counsel for Petitioner agreed that such action would be beneficial in this case. The Court concurs with the parties and finds that specific findings of fact and conclusions of law from the state habeas corpus proceeding will assist the undersigned in her analysis."); *see also id.*, Doc. 131 at 12 ("[T]he parties agreed that Judge Pope's expanded findings [issued after this Court's remand] should be the findings subject to AEDPA review . . . ."). The federal court remanded the case to state court in large part because both parties agreed to the remand.

In *Sedillo v. Hatch*, No. 06-CV-0640 WJ/WPL, the parties "agreed to a stay of the federal matter to allow Sedillo to exhaust the claim in state court." *Sedillo*, Doc. 133 at 2. The court ordered the petitioner to "pursue this claim in state court expeditiously and return to this Court within a reasonable time." *Id*. As the court's language in that case suggests, the petitioner had not exhausted a particular claim in state court and therefore the claim could not be heard in federal court.

Both parties agreed that the court should stay the federal matter in order to *allow* the petitioner to exhaust his claim in state court, which was *favorable* to the petitioner. *Id.*

The instant case is distinguishable from both *Rosa* and *Sedillo*. Most importantly, unlike those cases, the parties here do not agree to a remand; rather, Petitioner strongly objects to any remand to state court. Secondly, unlike the state judge in *Rosa*, the state judge here did not make credibility findings that could be further developed via remand. Finally, in stark contrast to *Sedillo*, Petitioner here has exhausted state remedies: the New Mexico Supreme Court affirmed the trial court's denial of his state habeas petition. In the absence of any authority advanced by Respondent indicating that remand would be proper under the present circumstances, the Court cannot construe *Rosa* and *Sedillo* as supporting a remand in the instant case.

Without even considering the parties' disparate positions with respect to a remand to state court, this Court has serious doubts that such a remand would be proper. In essence, Respondent is arguing that Judge Clingman is well-situated to issue credibility findings based on testimony he observed and affidavits he reviewed five years ago. The Court has doubts that these proffered findings would be reliable, given the volume of cases state courts in New Mexico handle, which surely requires a judge to hear testimony from hundreds of witnesses over the course of five years. The evidentiary hearing Judge Clingman held in late 2005 and early 2006 involved testimony from nineteen witnesses, as well as numerous legal issues aside from the credibility of Ms. Knight's and Mr. Dunlap's recantations. The Court therefore finds that a remand to Judge Clingman to issue credibility findings would be improper as such findings would not be reliable.

Finally, although Judge Clingman's findings, if reliable, might assist the Court in its resolution of the instant habeas petition, it is unclear how such findings would fit into the framework

6

of AEDPA review.  This is because under AEDPA, as well as pre-AEDPA habeas jurisprudence,

a federal court is to review the "last reasoned opinion" of the state courts, which here is the 2008

opinion of the New Mexico Supreme Court.  *Ylst*, 501 U.S. 797; *Slusher*, 268 F. App'x at 791;

*Detrich v. Ryan*, 619 F.3d 1038, 1051 (9th Cir. 2010) ("The AEDPA requires that we defer to the

last reasoned state court decision."); *Janosky v. St. Amand*, 594 F.3d 39, 47 (1st Cir. 2010) ("[Under]

28 U.S.C. § 2254(d)(1), . . . we look to the last reasoned state-court decision[.]"); *McGahee v.*

*Alabama Dept. of Corrections*, 560 F.3d 1252, 1262 n.12 (11th Cir. 2009) ("We focus here on . . .

the 'last reasoned decision' of the state courts on this issue.").  Given that the New Mexico Supreme

Court published the last reasoned opinion in this matter in 2008, the Court finds that remand to the

state trial court would be improper.

C. **The Appropriateness of this Court Holding an Evidentiary Hearing**

Although AEDPA changed the standards for granting federal habeas relief, the decision

whether or not to grant an evidentiary hearing remains in the district court's discretion.  *Schriro v.*

*Landrigan*, 550 U.S. 465, 473 (2007).  However, AEDPA prohibits this Court from holding an

evidentiary hearing on a claim for which "the applicant has failed to develop the factual basis . . .

in State court proceedings[.]" 28 U.S.C. § 2254(e)(2).

Section 2254(e)(2)'s prohibition on evidentiary hearings where *the applicant* has failed to

develop a factual basis does not preclude this Court from holding an evidentiary hearing.  At the

state habeas hearing, Petitioner diligently pursued his claim that the recantations of Ms. Knight and

Mr. Dunlap demonstrated his innocence.  He called a total of eight witnesses to testify, including

the two recanting witnesses.  Both the trial court and the New Mexico Supreme Court assumed

without deciding that the recantations of these witnesses were credible.  *Case*, 183 P.3d at 915.  The

State Supreme Court denied relief on state law grounds that Petitioner had not satisfied his burden of leaving the court "with a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted." *Id*. at 911 (quotation omitted).

It is clear from the opinion of the New Mexico Supreme Court that despite Petitioner's efforts, no state court decided the issue of the credibility of the recantations of Audrey Knight and Paul Dunlap. Whereas AEDPA requires this Court to weigh the facts underlying Petitioner's claim against "the evidence as a whole," 28 U.S.C. § 2244(b)(2)(B)(ii), which includes these witnesses' recantations, the analysis under state law involves a six-prong test as to the significance of the Petitioner's evidence, and "a negative finding of any of the six factors under the significance prong is dispositive." *Case*, 183 P.3d at 915. At issue in the state proceeding was the significance of the recantations, and the trial court found that the first prong – which requires that the evidence be newly discovered – was not satisfied. *Id*.[2] Accordingly, despite Petitioner's efforts, neither the trial court nor the Supreme Court went on to analyze the credibility of the recantations.

In conclusion, AEDPA's prohibition on evidentiary hearings where "the applicant has failed to develop the factual basis . . . in State court proceedings," 28 U.S.C. § 2254(e)(2), does not apply to these circumstances, because Petitioner is not to blame for state courts' decision not to issue credibility findings. An evidentiary hearing is therefore proper under the habeas corpus rules, which vest this Court with discretion to determine whether an evidentiary hearing is warranted. RULES GOVERNING § 2254 CASES, R. 8(a). As stated in the Court's September 24, 2010 Order, an

---

[2]It appears that this six-prong test was formally announced in *Case v. Hatch* itself. *See* 183 P.3d at 911. However, "with the exception of the [sixth prong], the remaining factors [were] already a part of New Mexico habeas corpus jurisprudence" at the time the trial court issued its findings. *Id*.

evidentiary hearing is necessary to assess the credibility of the recantations of Audrey Knight and Paul Dunlap, so that the Court may determine whether Petitioner has met his burden under § 2244(b)(2)(B)(ii). Doc. 46.

## II.     Petitioner's Objection to Respondent's Witness List

As an alternative to remand, Respondent requests that the Court permit Judge Clingman to testify in person or by affidavit at the evidentiary hearing in federal court. Respondent anticipates that Judge Clingman will testify as to "his personal observations and findings regarding the credibility of Ms. Knight and Mr. Dunlap." Doc. 51 at 3. In the alternative, Respondent requests that Judge Clingman be permitted "to prepare and file an affidavit specifically regarding the credibility of Audrey Knight and Paul Dunlap." Doc. 47 at 8-9. Petitioner objects to Judge Clingman testifying in person or by affidavit.

Respondent suggests that "principles of federalism and comity associated with a federal [habeas] court's review of state court proceedings" support the proffer of Judge Clingman as a witness. Doc. 51 at 4. Although Respondent's argument is somewhat vague, he appears to be arguing that general principles of deference under AEDPA would favor this Court allowing Judge Clingman to testify as to his opinions regarding credibility, and then deferring to these opinions.

As noted above, the Court has serious doubts that Judge Clingman could reliably remember with adequate detail the testimony and demeanor of these witnesses so as to inform his opinions of the credibility of their respective recantations. Moreover, it would be improper for this Court to defer to such findings, because where a state court declines to decide a particular issue, the federal habeas court should decide the issue in the first instance. *See*, *e.g.*, *Rompilla v. Beard*, 545 U.S. 374, 390 (2005) ("Because the state courts found the representation adequate, they never reached the

issue of prejudice, and so we examine this element of the *Strickland* claim de novo.") (citation

omitted).[3]  Finally, AEDPA deference is inapplicable in a case such as here, where the state court

failed to issue findings of fact.  *Channer*, 320 F.3d at 195; *see also Cargle v. Mullin*, 317 F.3d 1196,

1212 (10th Cir. 2003) ("[A]n adequate assessment of prejudice arising from the ineffectiveness of

petitioner's counsel has never been made in the state courts, so we have no state decision to defer

to under § 2254(d) on this issue."), *Ortega v. Duncan*, 333 F.3d 102, 106 (2d Cir. 2003) ("[T]he state

court in this case explicitly refused to make any factual finding with respect to Garner's credibility,

making the usual question of the degree of deference to accord such a finding inapplicable here.").

Given the clear proposition that this Court owes no deference to the state court's absence of

credibility findings, it would be illogical to hear the testimony of Judge Clingman so that the Court

could defer to his opinion as to witnesses he observed and affidavits he reviewed five years ago.

This observation applies with equal force to the proffered affidavit of Judge Clingman.

Although the habeas corpus rules permit the submission of affidavits, RULES GOVERNING § 2254

CASES, R. 7(b), the Court finds that for the reasons articulated above, such an affidavit would not

aid the Court in its determination of the credibility of the recantations of Audrey Knight or Paul

Dunlap.

---

[3]It is worth noting that, like the state courts in the instant case, the state courts in
*Rompilla* were conducting a multi-pronged analysis.  In the instant case, the state courts were
analyzing Petitioner's new evidence under a six-factor test as to its significance.  *Case v. Hatch*,
183 P.3d 905, 915 (N.M. 2008).  *Rompilla* involved a claim of ineffective assistance of counsel,
which is subject to a two-pronged test under *Strickland v. Washington*, 466 U.S. 668 (1984).  In
*Rompilla*, like here, the state courts did not decide a particular issue because they found that the
determination under the first prong of the analysis was dispositive.  Like the federal court in
*Rompilla*, this Court must decide in the first instance the question not reached by the state courts.

**CONCLUSION**

Based on the foregoing analysis, Respondent's objection to the evidentiary hearing is **OVERRULED**.  The evidentiary hearing will be scheduled for December 9-10, 2010, at 9:30 a.m. at the United States Courthouse in Santa Fe, New Mexico.

Petitioner's objections to Respondent's witness list are **SUSTAINED**.  Judge Gary Clingman will not be permitted to testify at the hearing, nor will he be permitted to submit an affidavit.


Dated this 12th day of November, 2010.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

11