IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARL CASE,

        Petitioner,

        vs.                                     No. 08-CV-0542 MV/WDS

TIM HATCH, Warden, Guadalupe
County Correctional Facility,

        Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Respondent's Motion Pursuant to Rule 59(e) to Alter or Amend the Judgment Based on an Intervening Change in the Law [Doc. 107]. The Court, having considered Respondent's Motion, the relevant law, and being otherwise fully informed, **FINDS** that the Motion should be **DENIED**.

Respondent argues that *Cullen v. Pinholster*, 131 S. Ct. 1388 (Apr. 4, 2011) calls into question the Court's March 28, 2011 Memorandum Opinion and Order [Doc. 93]. There, the United States Supreme Court held that

> review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits . . . . [AEDPA] requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court.

131 S. Ct. at 1398. *Pinholster* does not address Section 2244(b).

Respondent's argument that the Court "relied on evidence taken at a federal hearing to reach a conclusion on the merits of a claim fully adjudicated before the state court," Doc. 99 at 13, borders on the frivolous. The Court has reviewed its September 24, 2010 Memorandum Opinion and Order [Doc. 46] wherein it concluded that a limited evidentiary hearing was

necessary to determine whether or not Mr. Case had "satisfied the threshold requirement set forth in 28 U.S.C. § 2244(b)(2)(B)(ii)." *Id*.  This order contains no ambiguity: the credibility of the recantations was to be considered for the strict purpose of determining whether or not Mr. Case satisfied the procedural requirement to allow this Court to decide the merits of his habeas petition.  The March 28, 2011 Memorandum Opinion and Order is equally clear, as the discussion of the credibility of the recantations falls under the section labeled "Part II: Procedural Requirements for Second and Successive Habeas Corpus Petitions."  Doc. 93 at 6 & 73-104.  The Court in no way relied on its credibility findings in the section of its opinion devoted to merits review under AEDPA, and there is simply no ambiguous language from which Respondent could have honestly concluded that the Court so relied.

**IT IS THEREFORE ORDERED** that Respondent's Motion Pursuant to Rule 59(e) to Alter or Amend the Judgment Based on an Intervening Change in the Law [Doc. 107] is **DENIED.**

Dated this 28th day of April, 2011.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

*Attorneys for Petitioner:*
Todd A. Coberly
Peter Schoenburg
Marc M. Lowry

*Attorney for Respondent:*
Margaret E. McLean

*Attorney for Witness Audrey Knight:*
Jacquelyn Robins

*Attorney for Witness Paul Dunlap:*
Erlinda O. Johnson

2